# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL SULLIVAN,

    Plaintiff,

v.                                                     CASE NO: 8:09-cv-365-T-30TGW

CTI COLLECTION SERVICES,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant CTI Collection Services Motion to Dismiss (Dkt. #10). Having considered the Motion and Plaintiff's Response (Dkt. #15), the Court concludes the Motion to Dismiss must be GRANTED, because Plaintiff has failed to provide a short and plain statement of facts showing that he is entitled to relief.

## Discussion

Plaintiff filed a complaint against Defendant on February 17, 2009, alleging actions in violation of the Fair Debt Collections Practices Act, 15 U.S.C. 1692, *et seq.* (FDCPA). Defendant filed the instant motion to dismiss on May 19, 2009, contending that Plaintiff's complaint does not allege facts sufficient to state a cause of action upon which relief may be granted. Plaintiff filed a response on May 29, 2009.

Defendant claims, and Plaintiff has not contested, that the elements required for a cause of action under the FDCPA are: (1) Plaintiff is the object of a collection activity arising from consumer debt, (2) Defendant are debt collectors as defined by the FDCPA, and (3) Defendants have engaged in an act or omission prohibited by the FDCPA. McCorriston v. L.W.T., Inc., 536 F.Supp.2d 1268, 1273 (M.D. Fla. 2008). Defendant has not placed the last element at issue in the present motion, but has contended that the complaint should be dismissed because Plaintiff has failed to allege facts sufficient to sustain the first two elements. The Court agrees.

**Motion to Dismiss Standard**

A complaint must provide a short and plain statement of the facts upon which relief may be granted. Fed. Rules Civ. Proc. 8 & 12(b)(6). While a complaint need not give detailed factual allegations, to survive a Rule 12(b)(6) motion to dismiss, a complaint's factual assertions, when assumed to be true, must be enough to raise a right to relief above a speculative level. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009). All facts in the complaint must be accepted as true and the Court must draw all inferences in favor of the Plaintiff. Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008).

Plaintiff, in part, relies on Conley v. Gibson's standard that a motion to dismiss should not be granted if Plaintiff can prove any set of facts which would entitle him to relief. 355 U.S. 42, 45. While the Supreme Court has not explicitly overruled Conley, it has explicitly

rejected the language relied on by Plaintiff in Bell Atlantic Corporation v. Twombly. 550 U.S. 544, 563.  The Supreme Court has recently clarified that in the post-Twombly world of pleading, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Court. 1937 (2009).

### Adequacy of Complaint's Allegations

As addressed above, the FDCPA requires that the Plaintiff be subject to collection of consumer debt and that the defendant be a debt collector under the act.  Defendant argues that the Plaintiff has failed to allege facts sufficient to support these elements.  The Plaintiff, in his response, has pointed to specific paragraphs in his Complaint which stated, in full:

> "7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5). . . .
> 8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff." (Dkt. #1 p. 2)

These seem to be exactly the type of threadbare recitals that the Supreme Court sought to prevent in Iqbal.  Plaintiff has merely recited the elements of the action.  The Plaintiff, therefore, has failed to provide a short and plain statement of the facts upon which relief may be granted.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendant's Motion to Dismiss (Dkt. #10) is GRANTED.

2.     Plaintiff's Complaint is DISMISSED without prejudice.

3. Plaintiff is given leave to file an amended complaint within twenty (20) days of the date of this order.

**DONE** and **ORDERED** in Tampa, Florida on June 5, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*S:\Odd\2009\09-cv-365.mtd 10.wpd*