UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL SULLIVAN,**

    **Plaintiff,**

**v.**                                                 Case No. 8:09-cv-365-T-30TGW

**CTI COLLECTION SERVICES,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant CTI Collection Services' Motion to Dismiss (Dkt. 21) and Plaintiff Michael Sullivan's Response to the same (Dkt. 22). Having considered the Motion and Plaintiff's Response (Dkt. #15), the Court concludes the Motion to Dismiss must be denied.

### Discussion

Plaintiff filed a complaint against Defendant on February 17, 2009, alleging actions in violation of the Fair Debt Collections Practices Act, 15 U.S.C. 1692, *et seq.* (FDCPA). On June 5, 2009, this Court granted Defendant's motion to dismiss Plaintiff's original complaint because the complaint did not allege sufficient facts to state a cause of action upon which relief could be granted.

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120

(11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Court. at 1959.

The elements required for a cause of action under the FDCPA are: (1) Plaintiff is the object of a collection activity arising from consumer debt, (2) Defendant is a debt collector as defined by the FDCPA, and (3) Defendants have engaged in an act or omission prohibited by the FDCPA. McCorriston v. L.W.T., Inc., 536 F.Supp.2d 1268, 1273 (M.D. Fla. 2008). Again, Defendant argues that Plaintiff has failed to allege sufficient facts to support the first two elements.

In the original complaint, Plaintiff alleged, in a conclusory manner, that he is a consumer and Defendant is a debt collector as those terms are defined in the FDCPA. This Court determined that Plaintiff simply recited the elements of the action without providing

sufficient to support the elements. In the amended complaint, Plaintiff adds two paragraphs, which state:

> "12. Upon information and belief, Defendant is attempting to collect for a debt for credit card purchases made at Lowes.
>
> 13. Said purchases were made for Plaintiff's personal, family, or household use."

(Dkt. 18, p. 2). Though the amended complaint still makes barebones allegations, the allegations are sufficient to put Defendant on notice of the claims against it. There is no reason to expend additional time and effort by ordering an second amended complaint.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant CTI Collection Services' Motion to Dismiss (Dkt. 21) is **DENIED**.

2. Defendant shall have twenty (20) days from the date of this Order to file an answer to the Complaint.

**DONE** and **ORDERED** in Tampa, Florida on August 11, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-365.mtd 21.frm